**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-06528 |
| | ) | Judge Marvin E. Aspen |
| JOHN DOE subscriber assigned IP address, | ) | |
| 76.249.154.44, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

MARVIN E. ASPEN, District Judge:

Before us is Plaintiff Strike 3 Holdings, LLC's ("Plaintiff") motion for leave to serve an expedited third-party subpoena under Rule 45 before the Rule 26(f) conference. (Dkt. Nos. 7, 8.)

Under Rule 26(d)(1), a party may not seek discovery from any source before the Rule 26(f) conference, unless the court orders otherwise. The Rule 26(f) conference has yet to happen. Courts within the Seventh Circuit evaluate a motion for expedited discovery on the entirety of the record to date and the reasonableness of the request considering all the surrounding circumstances. *See, e.g.*, *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). In applying the "reasonableness" standard, factors courts may consider include (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Id.* (internal citation omitted).[1]

---

[1] We find factors one, two, and five here less persuasive than factors two and three here. As for factor one, no preliminary injunction is pending so factor one weighs against Plaintiff. As for factor four, there would be no discovery burden to the defendants (besides the risk of a false identification) and minimal to nonparties so that factor weighs in favor of Plaintiff. As for factor

As to factor 2, the breadth of this discovery request is incredibly broad. Under Rule 26(b)(1), discovery's scope is information that is relevant to a party's claim and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Here, Plaintiff wants to subpoena an Internet Service Provider for the identity or identities behind an IP address so that Plaintiff can identify the alleged copyright infringer(s). But Courts have held that a defendant's "status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer" because "multiple devices and individuals may be able to connect via an IP address." *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018). At least one court within the Seventh Circuit has followed *Cobbler*. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 18 C 450, 2018 WL 6446404, at *3 (N.D. Ill. Dec. 10, 2018). *Malibu Media* dismissed a very similar lawsuit under Rule 12(b) reasoning that "plaintiff must allege more than simply the registration of an IP address to an individual in order to proceed against that individual for copyright infringement." *Id.* (citing *AF Holdings LLC v. Rogers*, No. 12-cv-1519 BTM (BLM), 2013 WL 358292, at *2 (S.D. Cal. Jan. 29, 2013) ("[J]ust because an IP address is registered to an individual does not mean that he or she is guilty of infringement when that IP address is used to commit infringing activity.")).

Here, Plaintiff does not show how its requested expedited discovery is narrowly tailored to the needs of this case. Indeed, Plaintiff's requested expedited discovery could risk launching

---

five, this motion was filed far in advance of the typical discovery process because Plaintiff says it needs this information to identify the defendant, so factor five weighs in favor of Plaintiff.

harmful false accusations against innocent people. That is precisely the type of overly broad and irrelevant discovery that Rule 26(b)(1) was created to avoid. For example of the impreciseness of IP address identifications, in *Malibu Media*, Judge Ellis opined how reliance on IP addresses for investigations into a defendant's identity risks "false positives" that a family member, visitor, or another unknown third party engaged in the infringing conduct. *Malibu Media, LLC v. Doe*, No. 18 C 450, 2018 WL 6446404, at *3 (N.D. Ill. Dec. 10, 2018). Or for a more serious example, a large complex like an adult care community where both residents, employees, and visitors often share the same IP address, and would all be vulnerable to false accusations. *See Cobbler Nevada*, 901 F.3d at 1145. Since the identification of individuals who subscribe to an IP address, without more corroborating facts, falls outside the discovery parameters contemplated by Rule 26(b)(1), the second factor weighs strongly against expedited discovery into this information.

As to factor three, Plaintiff states that the purpose of the expedited discovery is to ascertain the defendant's identity and not an improper motive like extorting everyone who shares the IP address with the threat of litigation. We cannot predict Plaintiff's intent nor its litigation strategy. On one hand, it could be easier for Plaintiff to defend its alleged intellectual property rights if we were to allow this motion. On the other hand, rubber stamping motions for expedited discovery to unveil identities behind IP addresses – when those identities do not necessarily reveal the wrongdoer's identity at the expense of false accusations – risks opening the flood gates to unscrupulous litigants who wish to use the federal courts as a tool to their extortion. The latter would be an abuse of the federal judiciary that the drafters of the Federal Rules of Civil Procedure did not anticipate. And so, it is not surprising that scholarly criticism has emerged over litigation-as-a-business strategies under the copyright laws and some to liken

3

lawsuits like Plaintiff's to extortion. *See Malibu Media LLC v. Duncan*, No. 4:19-CV-02314, 2020 WL 567105, at \*3 (S.D. Tex. Feb. 4, 2020) (citing Matthew Sag and Jake Haskell, *Defense Against the Dark Arts of Copyright Trolling*, 103 Iowa L Rev 571, 580 (2018) and Matthew Sag, *Copyright Trolling, An Empirical Study*, 100 Iowa L Rev 1105 (2015)); *see also Malibu Media, LLC v. John Does 1 through 10*, No. 2:12-CV-3623-ODW, 2012 WL 5382304, at \*4 (C.D. Cal. June 27, 2012) ("The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme."). Considering the risk of wrongful purpose and abusing the Federal Rules of Civil Procedure in a way that the drafters of the Federal Rules of Civil Procedure did not anticipate, we strongly weigh the third factor against Plaintiff.

For the above stated reasons, we deny Plaintiff's motion for expedited third party discovery because it risks systemic judicial abuse, is overbroad, encompasses irrelevant information, and is not within the boundaries of the Federal Rules of Civil Procedure. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: November 13, 2020
Chicago, Illinois